IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOARD OF EDUCATION OF THE VANDALIA COMMUNITY UNIT SCHOOL DISTRICT NO. 203, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 15-CV-1048-NJR-DGW<br>) |
| K.S., LISA ARENAS, PHILIP MILSK, Independent Hearing Officer, and ILLINOIS STATE BOARD OF EDUCATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case comes before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant K.S. and Defendant Lisa Arenas ("Defendants") (Docs. 15, 16). Plaintiff Board of Education of the Vandalia Community Unit School District No. 203 (the "District") brings suit pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § § 1400-1482 ("IDEA"), to appeal an administrative ruling rendered by Independent Hearing Officer Philip C. Milsk ("IHO Milsk"). Specifically, the District filed suit under § 1415(i)(2) of the IDEA, which grants the right to bring a federal civil action to certain parties claiming to have been aggrieved by the findings and decision made by an independent hearing officer. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss (Docs. 15, 16).

**Factual & Procedural Background**

K.S. is a student with an emotional disturbance disability who received special education and related services from the District under the IDEA (Doc. 1, p. 2, 6). In October 2014, the fall semester of K.S.'s senior year of high school at Vandalia Community High School ("VCHS"), K.S. came to school under the influence of marijuana after smoking in his basement with friends before school (*Id*. at 5).

On October 10, 2014, K.S.'s parent, teachers and other school personnel participated in a manifestation determination review meeting, where all parties agreed that his drug use was not a manifestation of his disabilities and that his behavior was not because of a failure to implement his individualized education program ("IEP") (*Id*. at 1, 5). In accordance with school policy, the School Board of Vandalia CUSD No. 203 voted to expel K.S. from VCHS, but arranged for him to receive services at a private day school, Cornerstone Academy (*Id*. at 6). K.S.'s mother, Lisa Arenas, requested a special education due process hearing to contest the expulsion (*Id*. at 2).

The due process hearing was held over four days in April and May 2015 (*Id*. at 2). On May 14, 2015, IHO Milsk issued his Final Decision and Order finding in favor of the student on many of the charges and finding that the District failed to follow certain IDEA procedures and denied a free, appropriate public education ("FAPE") to K.S. (*Id*. at 10). Both the School Board of Vandalia CUSD No. 203 and K.S.'s parent subsequently requested a clarification of IHO Milsk's Final Decision and Order (*Id*.). IHO Milsk then issued a Clarification of the Final Decision and Order (*Id*.).

On September 22, 2015, the District filed its complaint appealing the decision pursuant to 20 U.S.C. § 1415(i)(2)-(3) and asserting that the District has complied with its

obligations under the IDEA (*Id*. at 11). The Court conducted a preliminary review of the complaint and determined that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2)-(3).

On February 12, 2016, Defendants moved to dismiss the District's complaint based on the statute of limitations (Doc. 15, 16). On March 17, 2016, the District filed a response brief (Doc. 23). On March 31, 2016, Defendants filed a reply brief (Doc. 24). The reply brief properly set forth exceptional circumstances that justify the filing of a reply brief in accordance with Local Rule 7.1(c). Accordingly, Defendants' reply brief will be considered by the Court.

**Legal Standard**

In ruling on a motion to dismiss, the Court must construe the allegations of the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Allegations in a complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A defendant may raise the statute of limitations in a motion to dismiss "if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). In reviewing a Rule 12(b)(6) motion, the Court is limited to the allegations contained in the pleadings themselves. Documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes.

FED. R. CIV. P. 10(c). Additionally, documents that are referred to in the complaint and are central to the claim may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002).

## Analysis

Defendants argue that this action is untimely because it was not filed within the 120-day statute of limitations pursuant to 105 ILCS 5/14-8.02a(i). The District responds that the complaint was filed within the 120-day statute of limitations because the 120-day timeframe did not begin to run until IHO Milsk issued a clarification on May 25, 2015.

Under the IDEA, a party aggrieved by the findings and decision of a hearing officer may file a civil action within ninety days of the decision or within the time limitation established by the state. 20 U.S.C. § 1415(i)(2)(B). The parties agree that the claims at issue in this appeal must be brought within 120 days of the hearing officer's final decision, a time limit established by the state of Illinois as stated in 105 ILCS 5/14-8.02a(i) (emphasis added):

> Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction **within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h)**.

IHO Milsk notified the parties of his decision on May 15, 2015, via certified mail (*See* Doc. 16-1, p. 22), and the 120-day period for appealing that decision began to run the next day, on **May 16, 2015**.[1] 5 Ill. Comp. Stat. 70/1.11 ("The time within which any act provided

---

[1] In the complaint, the District alleges that the IHO's Final Decision and Order was "issued" on May 14, 2015 (Doc. 1, p. 10, 15). The District cites to IHO Milsk's Final Decision and Order, which is attached to the complaint as Exhibit A (Doc. 1-1). The certificate of service attached to this exhibit only lists the date that IHO Milsk sent the Final Decision and Order to counsel of record *via e-mail*, which was May 14, 2015 (Doc. 1-1, p. 22). However, the Court finds that the date that triggers the 120-day limitations period is the date IHO Milsk sent the Final Decision and Order *via certified mail*. Specifically, the statute provides that a "civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing

by law is to be done shall be computed by excluding the first day and including the last . . . ."). Thus, the 120-day period would have ended on September 14, 2015,[2] however, both parties requested a clarification of the hearing officer's decision (Doc. 1, p. 10).

The statute provides that "[t]he statute of limitations for seeking review of the [hearing officer's] decision **shall be tolled from the date the request [for clarification] is submitted until the date the hearing officer acts upon the request**." 105 ILCS 5.14-8.02a(h) (emphasis added). Thus, the limitations period was tolled from May 19, 2015 (the date the request for clarification was submitted) to May 26, 2015 (the date when IHO Milsk acted on the request by mailing his "Clarification of Final Decision and Order" to the parties via certified mail) (Doc. 1-2, p. 10). *See* 105 ILCS 5.14-8.02a(h); 5 ILCS 70/1.11.

Thus, the Court finds that the appeal period began running on May 16, 2015, was then tolled on May 19, 2015 through May 26, 2015 (for seven days), and began running again on May 27, 2015, the day after IHO Milsk issued the requested clarification via certified mail. *See* 5 ILCS 70/1.11. Thus, the 120-day period elapsed on Sunday, September 20, 2015, which means the limitations period actually elapsed on **Monday, September 21, 2015**. *See* 5 ILCS 70/1.11. The District filed this appeal on **Tuesday, September 22, 2015** (Doc. 1). Accordingly, the District filed its complaint *after* the 120-day limitations period elapsed.[3]

---

officer is mailed to the party **as provided in subsection (h)**." 105 ILCS 5.14-8.02a(i). Subsection (h) provides that the "impartial hearing officer shall issue a written decision . . . and **send by certified mail** a copy of the decision . . . ." Although the complaint and Exhibit A are silent as to the date the Final Decision and Order was sent by certified mail, Defendants have attached a copy of the same Final Decision and Order, which indicates that it was served upon the parties of record "by certified mail on May 15, 2015" (Doc. 16-1, p. 22). Because the Final Decision and Order is clearly referred to in the complaint (and is identical to the Final Decision and Order sent via e-mail which is attached to the complaint), and is central to the claims, the Court considers it in determining when the statute of limitations began to run. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").
[2] The 120th day - September 13, 2015 - fell on a Sunday, so that day is excluded from the calculation. *See* 5 Ill. Comp. Stat. 70/1.11.
[3] Even if the Court were to go by the date the decision was e-mailed to the parties, instead of the date the decision was sent by certified mail, the complaint would be untimely.

The District argues that, since 105 ILCS 5/14-8.02a(h) provides that the IHO retains jurisdiction over the matter for five days after receipt of the written decision, it is nonsensical for the 120 days to begin running before the parties have the ability to appeal the decision. The District argues that it makes more sense that the timeline for filing an appeal would not begin until the parties have clarification of what the final decision and order means. But the District cites to no authority for this proposition, instead, the Court finds that a plain reading of the statute indicates that the appeal period is "tolled" **from the date the request for clarification was submitted** until the date the IHO acts on the request. At least one other court has interpreted the statute in the same way. *See, e.g. Raglin v. Bd. of Educ. of Bloom Township High Sch. Dist.*, No. 15 C 4476, 2016 WL 772848, at *3 (N.D. Ill. Feb. 29, 2016) (calculating the limitations period to include the days prior to the request for clarification).

In the alternative, the District argues that equitable considerations warrant tolling the limitations period. Specifically, the District argues that the extraordinary nature of the need for clarification of IHO Milsk's order in this unusual case prevented the District from being able to assert its appeal rights any earlier than after the Clarification was issued. Because the limitations period is borrowed from Illinois law, the Court will look to that state's equitable tolling principles. *See Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001); *see also Brown v. City of Chi. Sch. Dist. 299*, No. 09 C 4316, 2010 WL 1948190, at *1 (N.D. Ill. May 11, 2010). "In Illinois, a statute of limitations may be equitably tolled if the defendant actively misled the plaintiff, if the plaintiff was prevented in some extraordinary way from asserting his rights, or if he mistakenly asserted his right in the wrong forum." *Brown*, 2010 WL 1948190, at *1 (citing *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000)).

The Court does not find any of these circumstances present here. The District was represented by counsel, and counsel has not claimed that he was deliberately misled by defendants as to the limitations period. The District did not file suit in an incorrect forum, and the District was not prevented in some extraordinary way from timely filing suit.

As to the District's argument that it was unable to assert its appeal rights any earlier than after the clarification was issued, the clarification was issued on May 26, 2015. Thus, the District had plenty of time, after the clarification was issued, to timely file an appeal. To the extent the District argues that the clarification was so extensive that it was of the nature of a newly issued final decision and order which should have triggered the appeal period anew, the Court disagrees. A clarification of a final decision and order is just that. In the Clarification, IHO Milsk did not alter the parties' rights as established in the Final Decision and Order. The Clarification merely answered specific follow-up questions and provided the parties with details of how to implement the Final Decision and Order. Thus, the Court will not apply equitable tolling.[4]

Because the 120-day limitation is strictly construed, and the District failed to file within this period, the Court finds that the appeal is barred by the statute of limitations. *See Dell v. Bd. of Educ. Township H.S. Dist. 113*, 32 F.3d 1053, 1056-62 (7th Cir. 1994) (suit filed 121 days after decision was mailed was time-barred); *see also Reynold ex rel. Reynolds-Ejzak v. Oak Park-River Forest School Dist. 200*, No. 08 C 1507, 2008 WL 4686160, at *3 (N.D. Ill. May 22, 2008) (same); *see also Benik v. Lisle Community Unit School Dist. #202*, No. 95 C 6392, 1997 WL

---

[4] The parties have not asked the Court to address whether equitable tolling of the 120-day deadline in 105 ILCS 5/14-8.02a(i) would be permissible under Illinois law in the first place. *See, e.g. Brown*, 2010 WL 1948190, at *1 ("It is not clear that equitable tolling would be permissible here under Illinois law, given that the 120-day limitation is an inherent part of the right of action."). Because equitable tolling does not apply here, the Court need not address this issue.

566386, at *7 (N.D. Ill. Sept. 8, 1997) (same); *see also Brown*, 2010 WL 1948190, at *1 (suit filed 122 days after decision was mailed was time-barred).

## Conclusion

For the reasons explained above, Defendants' Motion to Dismiss (Docs. 15, 16) is **GRANTED** based on the District's failure to file within the period required by the statute of limitations. The Court **DISMISSES** this action **with prejudice.** The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 23, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**